UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

i9 SPORTS CORPORATION,

        Plaintiff,
v.                              Case No. 8:10-cv-803-T-33TGW

ROBERT CANNOVA, MINDY CANNOVA,
JACLYN SPILKA, ROBERT SPILKA,
BOCA RATON YOUTH ATHLETIC
ASSOCIATION, INC., and
PRIMETIME SPORTS ACADEMY, LLC,

        Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to defendant Robert Spilka's motion to transfer for improper venue and motion to dismiss or for more definite statement (Doc. # 21), filed on August 20, 2010. On September 2, 2010, plaintiff i9 Sports Corporation filed a response in opposition to Mr. Spilka's motion. (Doc. # 22). For the reasons that follow, Mr. Spilka's motion is denied.

**I.  Factual Background**

i9 is a Florida corporation with its principal place of business in Brandon, Florida. (Doc. # 1 at ¶ 1). It is the national franchiser of i9 Sports, which offers products and services related to youth amateur sports, such as sports leagues, camps, and tournaments. (Id. at ¶ 2).

1

On May 5, 2006, i9 entered into two franchise agreements with Robert and Mindy Cannova. (Id. at ¶ 15). On July 26, 2006, the Cannovas transferred these agreements to Boca Raton Youth Athletic Association, a Florida non-profit corporation with its principal place of business in Boca Raton, Florida. (Id. at ¶ 5, 16). Around that time, Boca Raton Youth submitted its Principal Owner's Statement, which identified Mr. Spilka as one of Boca Raton Youth's principals. (Id. at ¶ 17-18). The Principal Owner's Statement is attached to the complaint as Exhibit E.[1]

On July 27, 2006, Mr. Spilka executed the Principal Owner's Guaranty, acknowledging his status as principal and agreeing to be personally bound by and personally liable for any breach of Boca Raton Youth's obligations under the two original franchise agreements. (Id. at ¶ 19). Mr. Spilka's personal guaranty is also attached to the complaint as an exhibit. (Exhibit F). Boca Raton Youth subsequently entered

---

[1] Exhibits attached to the complaint are deemed a part of the complaint "for all purposes, . . . including a Rule 12(b)(6) motion." Griffin Indus. v. Irvin, 496 F.3d 1189, 1205 (11th Cir. 2007)(citing Rule 10(c), Fed. R. Civ. P.). In addition, in reviewing a motion to dismiss, the court may consider documents attached to the complaint where the plaintiff relies upon the document to form the basis for a claim or part of a claim. Crenshaw v. Lister, 556 F.3d 1283, 1292 (11th Cir. 2009).

into a third franchise agreement with i9 on or around March 19, 2008. (Id. at ¶ 17).[2]

i9 alleges that Mr. Spilka, along with the other defendants, breached the franchise agreements by creating a competing business, among other infractions. (Doc. # 1 at ¶ 33-64). Accordingly, i9 filed a complaint against the defendants on April 6, 2010, containing the following counts: (1) trademark infringement; (2) false representations and false designation of origin; (3) common law infringement; (4) common law unfair competition; (5) breach of in-term covenant; (6) breach of contract; (7) unjust enrichment; (8) accounting; and (9) tortious interference. (Doc. # 1).

Mr. Spilka responded to the complaint by filing the instant motion in which he seeks a transfer of venue, dismissal, or a more definite statement of i9's claims. The Court will address each argument below.

**II. Venue**

    **A.**    **Forum Selection Clauses**

It is well established that the Court should enforce the terms of a forum selection clause absent a showing that to do

---

[2] The aforementioned franchise agreements and Principal Owner's Guaranty each include a forum selection clause specifying venue in Hillsborough County, Florida.

so "would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972). In addition, the Eleventh Circuit has enunciated the following principles for consideration of whether a case should be removed to another jurisdiction pursuant to a forum selection cause:

1. Forum selection clauses in contracts are enforceable in federal courts.
2. Consideration of whether to enforce a forum selection clause in a diversity jurisdiction case is governed by federal law, under 28 U.S.C. § 1404(a) (1982), not state law.
3. The burden is on the party opposing the enforcement of the forum selection clause to show that the contractual forum is sufficiently inconvenient to justify retention of the dispute.
4. The validity of a forum selection clause is determined under the usual rules governing the enforcement of contracts in general.
5. Under Section 1404(a), the court should consider the convenience of the parties and witnesses and the interest of justice, with a choice of forum clause a significant factor that figures centrally in the district court's calculus. Thus, while other factors might conceivably militate against a transfer the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors.
6. By enforcing the contractual forum, the Court is not attempting to limit the plaintiff's usual right to choose its forum, but is enforcing the forum that the plaintiff has already chosen.
7. The financial difficulty that a party might have in litigating in the selected forum is

>       not a sufficient ground by itself for refusal to enforce a valid forum selection clause.
>    8. No case has been cited indicating that congestion of the selected forum's court docket should be grounds to avoid enforcement of a forum selection clause. Although docket congestion, if proven, may be an appropriate consideration in a § 1404 motion to transfer, case law does not suggest that docket congestion is, by itself, a dispositive factor.

P & S Bus. Machs., Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir. 2003)(internal citations, quotations and emphasis omitted).

Forum selection clauses are frequently categorized by the federal courts as either permissive or mandatory. Global Satellite Commc'n Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1272 (11th Cir. 2004). A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. Id. A mandatory clause, in contrast, "dictates an exclusive forum for litigation under the contract." Id. (quoting Snapper, Inc. v. Redan, 171 F.3d 1249, 1262 n.240 (11th Cir. 1999)).

"Notwithstanding this oft-repeated taxonomy, courts have implicitly recognized an intermediate category that provides for permissive jurisdiction in one forum that becomes mandatory upon the party sued." Ocwen Orlando Holdings Corp. v. Harvard Prop. Trust, LLC, 526 F.3d 1379, 1381 (11th Cir.

5

2008). For example, in <u>Snapper</u>, the Eleventh Circuit, in enforcing a permissive forum selection clause, determined that although the contract at issue permissively authorized suit in one forum, the forum became "'mandatory' as to the [parties sued] because it requires an absolute submission by them to the jurisdiction of whichever of these fora [the suing party] chooses." 171 F.3d at 1262.

The case at bar similarly presents two permissive forum selection clauses. All three franchise agreements contain an identical forum selection clause that states:

> You consent and irrevocably submit to the jurisdiction and venue of any state or federal court of competent jurisdiction located in Hillsborough County, Florida and waive any objection to the jurisdiction and venue of such courts.

(Doc. # 1, Ex. A at 41, ¶ 25.7 , Ex. B at 93, ¶ 25.7, Ex. D at 153, ¶ 25.7).

Additionally, the Principal Owner's Guaranty contains a forum selection clause that states:

> This Guaranty is governed by Florida law and we may enforce our rights regarding it in the courts of Hillsborough County, Florida. Each of you irrevocably submits to the jurisdiction and venue of such courts.

(Doc. # 1, Ex. F at 41, ¶ 5).

Both forum selection clauses are "permissive" in that they specifically allow, but do not compel, i9 to select the

6

courts of Hillsborough County in enforcing its rights with respect to the contract. The forum selection clauses are "mandatory" as to Mr. Spilka, however, because once a suit is initiated in the courts of Hillsborough County, Mr. Spilka's absolute submission to venue is contractually provided.

**III. Section 1404(a)**

Even with the presence of a binding forum selection clause, the Court should still consider the convenience of the parties and witnesses and the interest of justice. P & S Bus. Machs., 331 F.3d at 807. As to these determinations, 28 U.S.C. § 1404(a) is the governing statute and states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Several district courts have weighed in on the analysis courts should perform upon a motion to transfer pursuant to 28 U.S.C. 1404(a). In Baptist Hospital, Inc. v. CJ Critical Care Transportation System, the court suggested the following analysis:

> A district court may transfer any case to any other district where the case originally may have been brought. To transfer an action under [S]ection 1404(a) the following criteria must be met: (1) the action could have been brought in the transferee

7

> district court; (2) a transfer serves the interest of justice; and (3) a transfer is in the convenience of the witnesses and parties. Because federal courts ordinarily accord deference to a plaintiff's choice of forum, the burden is on the movant to show that the suggested forum is more convenient or that litigation there would be in the interest of justice.

2007 U.S. Dist. LEXIS 88529, at *12-13 (N.D. Fla. Nov. 30, 2007) (internal citations and footnote omitted).

Similarly, in <u>American Aircraft Sales International, Inc. v. Airwarsaw, Inc.</u>, the court determined that "[i]n order to overcome the presumption in favor of Plaintiff's choice of forum, the movant must show the balance of convenience is 'strongly in favor' of the transfer." 55 F. Supp. 2d 1347, 1351 (M.D. Fla. 1999) (quoting <u>Tampa Bay Storm, Inc. v. Arena Football League, Inc.</u>, 932 F. Supp. 281, 282 (M.D. Fla. 1996)). In deciding whether to transfer venue, the court also explained that the following factors must be considered: Plaintiff's initial choice of forum, convenience of the parties and witnesses, relative ease of access to sources of proof, availability of compulsory process for witnesses, location of relative documents, financial ability to bear the cost of the change, and all other practical problems that make trial of the case easy, expeditious, and inexpensive. <u>Am. Aircraft</u>, 55 F. Supp. 2d at 1351. Therefore, only if the

8

defendant shows the balance of convenience is strongly in favor of transfer, using the factors listed above, will the plaintiff's choice of venue be disturbed. Id.

The Court determines that the case at bar is not an instance of the rare situation in which the venue mandated by a choice of forum clause is outweighed by other Section 1404(a) factors. As movant, Mr. Spilka bears the burden of persuading the Court that the balance of convenience strongly favors transfer to another division or district. Mr. Spilka's motion falls well short of this burden.

Mr. Spilka's motion fails to address any of the considerations mentioned above. In fact, Mr. Spilka fails to mention the forum selection clause altogether. Although the Court recognizes that Mr. Spilka is a *pro se* defendant, the record makes clear that he expressly agreed to submit to venue in Hillsborough County.[3] Mr. Spilka's basis for the assertion

---

[3] This Court has routinely held that forum selection clauses similar to the ones at issue do not preclude litigation in the federal court that encompasses the county identified in the clause. Ahern v. Fid. Nat'l Title Ins. Co., 664 F. Supp. 2d 1224, 1227 (M.D. Fla. 2009); see also Priority Healthcare Corp. v. Chaudhuri, Case. No. 6:08-cv-425-Orl-KRS, 2008 U.S. Dist. LEXIS 47288, at *4 (M.D. Fla. June 18, 2008) (denying motion to remand where similar forum selection clause stated "customer . . . shall accept venue in Seminole County, Florida"); Links Design, Inc. v. Lahr, 731 F. Supp. 1535, 1536 (M.D. Fla. 1990) (holding that clause, "proper venue for said action shall be Polk County, Florida," did not preclude venue

that the action should be litigated in the Southern District of Florida is that he resides in Palm Beach County and that "[t]he allegations in the Complaint make reference to facts, events and transactions which occurred in the Southern District of Florida." (Doc. # 21 at 1-2). These assertions alone, without any further arguments concerning the inconvenience of the forum or public policy, are insufficient to warrant the Court's override of a valid forum selection clause. See Tritak v. Metro. Cas. Ins. Co., 2008 U.S. Dist. LEXIS 8050, at *10-11 (M.D. Fla. Feb. 4, 2008) (finding that defendant's conclusory assertion of an adequate alternative forum did not satisfy defendant's burden and that merely "shift[ing] the inconveniences of the parties" did not warrant transfer). Thus, Mr. Spilka's request to transfer venue to the Southern District of Florida is denied.

Finding that venue is proper, the Court now address Mr. Spilka's Rule 12(b)(6) and 12(e), Fed. R. Civ. P., arguments.

**IV. Failure to State a Claim or More Definite Statement**

    **A.    Legal Standard**

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts as

---

in the United States District Court for the Middle District of Florida).

10

true all of the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). All that is required is a "short and plain statement of the claim." Bell Atl. Corp. v. Twombly, 550 US 544, 555 (2007). However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. A complaint that offers "labels and conclusions or a formulaic recitations of the elements of a cause of action will not do." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp., 550 U.S. at 555).

Where a complaint fails to sufficiently specify the allegations, the defendant's remedy is a more definite statement under Federal Rule 12(e).  Rule 12(e) provides for a more definite statement if a complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  Fed. R. Civ. P. 12(e).

**B.   Analysis**

Mr. Spilka asserts that the case should be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim, or, alternatively, moves the court for a more definite statement with respect to i9's complaint pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.  Mr.

11

Spilka argues that i9 should be directed to "make specific, truthful allegations of sufficient ultimate facts that would enable [Mr. Spilka] to make a reasonable response" to the complaint. (Doc. # 21 at 2-3). i9 counters that a more definite statement is not necessary. i9 also correctly contends that Mr. Spilka has generally failed to assert a Rule 12(b)(6) challenge to any count of the complaint: "Spilka does not even argue that the[] causes of action set forth in the [c]omplaint are not sufficiently pled." (Doc. # 22 at 8). Rather, Mr. Spilka focuses on the definition of a "Franchisee" as stated in the complaint.

Paragraph 19 of the complaint states that "collectively, [Boca Raton Youth], Cannova and Spilka are *sometimes* referred to as 'Franchisees.'" (Doc # 2 at 5) (emphasis added). Mr. Spilka contends that this characterization fails to state a cause of action as to himself because it does not "identify or provide a basis as to when [Mr. Spilka] is or is not referred to as a Franchisee . . . thereby making it impossible to know which allegations are directed to [Mr. Spilka] and which are directed to other Franchisees." (Doc. # 21 at 2).

In its response to Mr. Spilka's motion, i9 asserts that "[f]or ease of reference . . . [Boca Raton Youth] and its owners/guarantors would at times be referred to collectively

12

as 'Franchisees' - meaning that [i9] would use the term 'Franchisees' when referring to [Boca Raton Youth] and all of its principals/guarantors and would use other defined terms (i.e. Spilka, [Boca Raton Youth], Cannova) when referring to certain parties that make up the larger group." (Doc. # 22 at 7).  i9 further explains that, "[s]imply put, whenever the term 'Franchisees' is stated in the Complaint, [i9] is referring to all [Boca Raton Youth] and its principals/guarantors."  Id.

While the Court notes that the meaning of the term "Franchisees" as defined within the complaint is slightly ambiguous because of the superfluous presence of the word of "sometimes," i9's explanation of the term in its response makes the term sufficiently clear to render a more definite statement unnecessary.

Moreover, the Court determines that even with the slightly ambiguous wording, the complaint is still in compliance with notice pleading standards of Rule 8 of the Federal Rules of Civil Procedure, which requires, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Upon review of the detailed complaint, the Court finds that i9 has satisfied this burden.

Based on the foregoing analysis, the Court determines that a dismissal for failure to state a claim is not warranted and that a more definite statement of i9's claims is not necessary.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Mr. Spilka's motion to transfer for improper venue and motion to dismiss or for more definite statement (Doc. # 21) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 3rd day of November 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel and Parties of Record

14